REDMANN, Chief Judge,
dissenting.
La.C.C.P. 424[1] is not applicable. This note is not a “negotiable instrument” because it recites that “any holder ... is subject to all claims and defenses which the debtor could assert against the seller .... ” This instrument therefore does not “contain an unconditional promise or order to pay ...,” La.R.S. 10:3-104(l)(b). See § 3-105(2)(a) and its U.C.C. Comment 8.
*693 The purchaser’s testimony that the thing bought never functioned suffices (as against the manufacturer-vendor, charged with knowledge of the defect) to establish redhibition, La.C.C. 2545, notwithstanding absence of expert evidence to establish the precise nature of the defect, Prince v. Paretti Pontiac Co., Inc., 281 So.2d 112 (La.1973).
The trial court’s judgment should be affirmed.

. This dissent pretermits discussion of the argument that (1) the title to Act 710 of 1976, amending C.C.P. 424, obliged by the title-body clause of La. Const, art. 3 § 15(A) to be "indicative of its object,” relates only to "a prescribed obligation” and (2) redhibition is not an obligation and therefore Act 710’s provision regarding red-hibition is unconstitutional because violative of art. 3 § 15(A).